**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FCA US LLC, | ) | |
| Plaintiff, | ) | Case No.: 1:26-cv-01791 |
| v. | ) | |
| | ) | Dist. Judge Matthew F. Kennelly |
| The Partnerships and Unincorporated | ) | |
| Associations Identified on Schedule A, | ) | Mag. Judge M. David Weisman |
| Defendants. | ) | |

### Motion for Extension of Time

**NOW COME** OEMPARTS034 and caroem031 ("Defendants"), by and through their undersigned

counsel, and hereby request a short extension of time to respond to the Complaint, stating as

follows:

1.  Defendants were ostensibly served with process on March 3, 2026.  [Dkt. 30].

2.  Defendants have been substantively engaged with Plaintiff in settlement discussions, including

    the exchange of evidence and offers.  Defendants require a short additional time to continue to

    explore and complete settlement, or respond to the Complaint if ultimately necessary.

    Defendants submit that an extension will not materially prejudice Plaintiff as a relatively short

    time has passed since the original response deadline, other defendants may be separately

    defaulted, and a short extension may help avoid unnecessary substantive motion practice.

3.  This Court may, for good cause, extend the time by which a defendant's responses are due after

    the time has expired if a defendant failed to act because of excusable neglect.  Fed. R. Civ. P.

    6(b)(1)(B).  "[U]nder Rule 6(b)(1) as interpreted by case law, the term "good cause" imposes a

    light burden."  McCann v. Cullinan, 2015 WL 4254226, at * 10 (N.D. Ill 2015), *citing*, 1 Moore's

    Federal Practice § 6.06 [2] p. 632 (Matthew Bender 3d ed. 2013); *See*, Sec. Ins. Co. of Hartford v.

    Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995), *citing*, C.K.S. Eng'rs, Inc. v. White

    Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984) ("[I]t is the policy of [the Seventh

Circuit] to favor trials on the merits over default judgments."); *See also*, <u>Anderson v. Stanco Sports Library, Inc.</u>, 52 F.R.D. 108, 109 (D. S.C. 1971) ("[T]o enter default would deprive defendant of its day in court and preclude just determination of the question of liability."). Moreover, the interests of judicial efficiency may not only be considered good cause under Rule 6, but also forgive a defendant's excusable neglect.  *See*, <u>White v. Marshall</u>, 2009 WL 230096, at *3 (E.D. Wis. Jan. 30, 2009); *See also*, <u>Kane v. Fin. of Am. Reverse, LLC</u>, 2018 WL 2001810, at *2 (S.D. Ind. Apr. 30, 2018) (granting extension to file document where delay was minimal, not impactful to the case moving forward, and not prejudicial to the opposing party).

4. Defendants respectfully request this Court extend the date on which Defendants are to have filed response(s) to Plaintiff's Complaint, if ultimately necessary, to April 17, 2026.

5. This motion has been filed in good faith and in the interest of judicial economy, and is not interposed for purposes of delay.

6. This is the first motion for an extension filed by Defendants in this case.

7. On March 27, 2026, Defendants requested whether Plaintiff would oppose the requested extension.  As of the filing of this motion, Plaintiff has not expressed whether it does.

**WHEREFORE**, Defendants pray that the Court will enter an order:

A. extending the time for Defendants to respond to Plaintiff's Complaint until April 17, 2026.

Dated this March 29, 2026

Respectfully Submitted,

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
*Counsel for Defendants*